GRAY, DURRIVE AND CO. vs. BLEDSOE ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Factors or commission merchants cannot claim a lien or privilege on goods, moneys or property for a general balance of account against the owner, over an attaching creditor.

The only privilege a factor or commission merchant has is expressly given by article 3,214 of the Louisiana Code, and is limited to specific ad-

EASTERN DIST.
May, 1839.
━━━━━━━━
GRAY ET AL.
vs.
BLEDSOE ET AL.

vances made on goods consigned, after they have come into his posses-
sion, or he has received a bill of lading or letter of advice that they have
been despatched to him.

This is an action against the firm of Bledsoe & Samuel,
residing in Brandon, Mississippi, on their promissory note, in
which property and effects belonging to them was attached
in the hands of N. & J. Dick & Co., who were cited as gar-
nishees.

The whole case turns on the question of privilege set up
by the garnishees on property and money of the debtors in
their hands, for a general balance of account due to them.

The Parish Court disregarded the privileged claim set up
by the garnishees, and gave judgment that they pay over
the money and effects in their hands to the plaintiffs, in satis-
faction of their judgment against the defendants.

The garnishees appealed.

*L. Peirce,* for the appellants.

*F. B. Conrad,* contra.

*Rost, J.,* delivered the opinion of the court.

The plaintiffs proceeded by an attachment against the
defendants, who are a commercial firm residing at Brandon,
in the state of Mississippi, and cited the firm of N. & J. Dick
& Co. as garnishees.

The garnishees answered, that they had nothing in their
possession belonging to Bledsoe & Samuel, but that they
had seventy-three hogsheads of tobacco and fourteen hun-
dred and ninety-two dollars belonging to Samuel & Bledsoe,
and that the said Samuel & Bledsoe were indebted to them
in the sum of six thousand one hundred and seven dollars
and twenty-nine cents, for acceptances of bills of exchange,
and for which they claimed a lien and privilege on the pro-
perty and money in their hands.

The plaintiffs obtained a judgment against the defen-
dants, and subsequently took a rule upon the garnishees to

show cause why judgment should not be entered against them for the amount of said judgment, and why they should not deliver up to the sheriff seventy-three hogsheads of tobacco, or the proceeds of the same, in satisfaction thereof: the rule was made absolute, and the garnishees appealed.

EASTERN DIST.

*May,* 1839.

GRAY ET AL.
*vs.*
BLEDSOE ET AL.

They have shown that they were the factors of the defendants, and have adduced in evidence their general account with them, showing in their favor, at the time the attachment was levied, the balance which they have stated to be due them for bills then accepted and since paid ; they claim a lien and privilege for that balance upon the moneys and effects of the defendants in their hands. We have no hesitation to say, that they ought in justice to have it; and if the laws regulating their rights left us in doubt, the obvious policy and wisdom of protecting our own citizens and giving security to commerce, would induce us to adopt the interpretation for which they contend ; but those laws are too clear and explicit to leave their meaning and intent doubtful. The article 3,152 of the Louisiana Code provides that privileges can be claimed only for those debts to which it is expressly granted in the Code, and article 3,214 is the only one which treats of the privileges of factors or commission agents. That article expressly limits the privilege to specific advances made on merchandize, after it has come into the possession of the factor, or after he has received a bill of lading or letter of advice that they have been despatched to him. These two provisions of our law taken together necessarily exclude all privileges for balances of general accounts, and the legislature alone has power to remedy the evil. See *Baldwin* vs. *Bracy,* 1 *Louisiana Reports,* 363 ; *Hagan et al.* vs. *Sompeyrac,* 3 *Ibid,* 157; *Collins* vs. *Austin et al.,* 3 *Ibid,* 302.

Factors or commission merchants cannot claim a lien or privilege on goods, moneys or property for a general balance of account against the owner, over an attaching creditor.

The only privilege a factor or commission merchant has, is expressly given by article 3214 of the Louisiana Code, and is limited to specific advances made on goods consigned, after they have come into his possession, or he has received a bill of lading or letter of advice that they have been despatched to him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.